IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOHN J. RUSSELL,** | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 23-2420 |
| | : | |
| **COMMONWEALTH STATE** | : | |
| **OF PENNSYLVANIA,** *et al.*, | : | |
| Defendants. | : | |

# ORDER

**AND NOW**, this 4th day of October 2023, upon consideration of plaintiff John J. Russell's motion to proceed *in forma pauperis* (DI 7), Prisoner Trust Fund Account Statement (DI 8), and pro se Amended Complaint (DI 4), request to proceed as Class Action (DI 6), and motion to appoint counsel (DI 10), it is **ORDERED**:

1. Plaintiff's motion for leave to proceed *in forma pauperis* (DI 7) is **GRANTED** pursuant to 28 U.S.C. § 1915.

2. John J. Russell, #20526, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The Court directs the Warden of the Warren County Correctional Center or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Mr. Russell's inmate account; or (b) the average monthly balance in Mr. Russell's inmate account for the six-month period immediately preceding the filing of this case. The Warden or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a reference to the docket number for this case. In each succeeding month when the amount in Mr. Russell's inmate trust fund account exceeds $10.00, the Warden or other

appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited to Mr. Russell's inmate account until the fees are paid.  Each payment shall refer to the docket number for this case.

3. The Clerk of Court is **DIRECTED** to send a copy of this Order to the Warden of the Warren County Correctional Center.

4. The Amended Complaint is **DEEMED** filed.

5. The Clerk of Court is **DIRECTED** to add the following to the docket as Defendants:  Northampton County Court of Common Pleas; Northampton County Office of the District Attorney; Northampton District Attorney Terence Houck, Northampton County Assistant District Attorneys James Augustine, III, Duminiak, and Bellefatto; Northampton County Adult Probation and Parole Officers Marie Bartosh and Ornthana Buniak; Northampton County Public Defenders Nuria DiLuzio, Paul Bender, and Rory Driscole; Northampton County President Kerry Myers, Vice-President Ronald Heckman, and Executive Director Lamont McClure.

6. For the reasons stated in the Court's Memorandum, Mr. Russell's claims against all Defendants other than his state law malpractice claims against Paul Bender and Rory Driscole are **DISMISSED WITH PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  His state law malpractice claims against Paul Bender and Rory Driscole are **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

7. Mr. Russell's Request to Proceed as Class Action and his Motion to Appoint Counsel are **DENIED**.

8. Mr. Russell may file an amended complaint, no later than **November 3, 2023** to reassert his state law claims against Defendants Paul Bender and Rory Driscole if he is capable

of alleging complete diversity of citizenship.  Any amended complaint must identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint and shall state the basis for Mr. Russell's claims against each defendant.  The amended complaint shall be a complete document that does not rely on the initial Complaint or other papers filed in this case to state a claim.  **Mr. Russell may not reassert any claim that has already been dismissed with prejudice.**  When drafting his amended complaint, Mr. Russell should be mindful of the Court's reasons for dismissing the claims in his initial Complaint as explained in the Court's Memorandum.  Upon the filing of an amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

9. The Clerk of Court is **DIRECTED** to send Mr. Russell a blank copy of this Court's current standard form to be used by a self-represented litigant filing a civil action bearing the above-captioned civil action number.  Mr. Russell may use this form to file his amended complaint if he chooses to do so.[1]

10. If Mr. Russell does not wish to amend his Complaint and instead intends to stand on his Complaint as originally pled, he may file a notice with the Court no later than **November 3, 2023** stating that intent, at which time the Court will issue a final order dismissing the case.  Any such notice should be titled "Notice to Stand on Complaint," and shall include the civil action number for this case.  See *Weber v. McGrogan*, 939 F.3d 232 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re*

---

[1] This form is available on the Court's website at
http://www.paed.uscourts.gov/documents2/forms/forms-pro-se

*Westinghouse Sec. Litig.*, 90 F.3d 696, 703–04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

      11.      If Mr. Russell fails to file any response to this Order, the Court will conclude that Mr. Russell intends to stand on his Complaint and will issue a final order dismissing this case.[2] *See Weber*, 939 F.3d at 239-40 (explaining that a plaintiff's intent to stand on his complaint may be inferred from inaction after issuance of an order directing him to take action to cure a defective complaint).

                                                                                        */s/ John F. Murphy*
                                                                                     MURPHY, J.

---

[2] The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on her complaint.  *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (*per curiam*).  Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend her complaint, leaving the case without an operative pleading.  *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (*per curiam*) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citing cases)).