IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOHN J. RUSSELL,** | : | **CIVIL ACTION** |
| Plaintiff, | : | |
| | : | |
| v. | : | NO.  23-2420 |
| | : | |
| **COMMONWEALTH STATE** | : | |
| **OF PENNSYLVANIA,** *et al.*, | : | |
| Defendants. | : | |

# MEMORANDUM

**MURPHY, J.**                                                                                              January 10, 2024

Currently before the Court is a Second Amended Complaint ("SAC" (DI 14))[1] filed pursuant to 42 U.S.C. § 1983 by John J. Russell, an unrepresented litigant who is currently incarcerated at the Warren County Correctional Center in New Jersey.  The SAC asserts violations of Mr. Russell's constitutional rights and state court legal malpractice claims against Northampton County Public Defenders Paul Bender and Rory Driscole arising from their representation of Mr. Russell in serial parole revocation hearings.  For the following reasons, Mr. Russell's SAC will be dismissed without prejudice for failure to state a claim.  Mr. Russell will be granted leave to file a Third Amended Complaint.

---

[1] The submission docketed as a letter at DI 14 includes a letter from Mr. Russell to the Court, an Exhibit thereto, and a completed prisoner civil rights form Complaint.  (*See* DI 14.) The Clerk of Court will be directed to docket the submission as a Second Amended Complaint and the Court will screen the entire submission as such.

I.      **FACTUAL ALLEGATIONS**[2]

The Court initially screened Mr. Russell's Amended Complaint ("AC"), which, at the time, was the operative pleading. *See Russell v. Commonwealth*, 2023 WL 6465391 at *1 n.1 (E.D. Pa. Oct. 4, 2023).   Mr. Russell asserted claims against the Commonwealth of Pennsylvania; Northampton County and Northampton County elected officials Kerry Myers, Ronald Hackman, and Lamont McClure; the Northampton County Court of Common Pleas; the Northampton County Office of the District Attorney; the Northampton County Office of Adult Probation and Parole; the Northampton County Office of the Public Defender; Northampton Court of Common Pleas Judge Paula A. Roscioli: Northampton District Attorney Terence Houck, and Assistant District Attorneys James Augustine, III, Duminiak, and Bellefatto; Northampton County Adult Probation and Parole Officers Marie Bartosh and Ornthana Buniak; and Northampton County Public Defenders Nuria DiLuzio, Paul Bender, and Rory Driscole. *Id*. at *1.  Upon screening, the Court dismissed with prejudice all of Mr. Russell's constitutional claims against all of the named Defendants. *Id*. at *10.  The Court dismissed Mr. Russell's state law claims against Defendants Bender and Driscole without prejudice for lack of subject matter jurisdiction and granted him leave to file an amended complaint if he could assert that the parties were of completely diverse citizenship. *Id*.  Mr. Russell timely filed the SAC, which is now ripe for screening.

In the letter included with his SAC, Mr. Russell alleges that he is domiciled in New Jersey and in support of that allegation, attaches a Rescheduling Notice in *Commonwealth v.*

---

[2] The allegations set forth in this Memorandum are taken from Mr. Russell's SAC. (DI 14.)  The Court adopts the pagination supplied by the CM/ECF docketing system.  Additionally, the Court includes facts reflected in the publicly available state court docket, of which this Court may take judicial notice. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

2

*Russell*, No. MJ-03212-TR-1191-2022 (C.P. Northampton Cty.) addressed to him at a New Jersey address. (SAC at 1, 2.) Mr. Russell alleges that Bender and Driscole are employed and domiciled in Pennsylvania. (SAC at 1.) In his completed prisoner civil rights form Complaint, Mr. Russell alleges that Defendants Bender and Driscole provided ineffective representation to Mr. Russell during in-court proceedings on April 6, 2021 and April 7, 2022, resulting in Mr. Russell's incarceration. (*Id*.at 6.) Mr. Russell explains that at hearings held on those dates, he was convicted on charges that he violated the terms of his parole, even though he never received notice of any conditions placed on his parole and did not receive written notice of the violations. (*Id*. at 7.) He alleges that the outcome of both hearings would have been different if Bender and Driscole had provided effective representation. (*Id*.) Mr. Russell alleges that he was improperly imprisoned for thirteen and a half months as a result of the Defendants' conduct and experienced mental, emotional, financial, and physical stress as a result, in addition to depression and physical pain.[3] (*Id*.)

Based on the foregoing, Mr. Russell asserts claims pursuant to 42 U.S.C. § 1983 for violation of his Sixth Amendment rights and his due process rights, for unlawful conviction and illegal sentence, and for cruel and unusual punishment. (*Id*. at 5.) The Court also understands Mr. Russell to be asserting state law negligence claims against Bender and Driscole. Mr. Russell requests a declaration that his rights were violated and money damages. (*Id*. at 7-8.)

II.     **STANDARD OF REVIEW**

---

[3] The publicly available docket in *Commonwealth v. Russell*, CP-48-CR-0003619-2019 (C.P. Northampton) reflects that the revocation proceedings occurred as described by Mr. Russell. Additionally, the docket reflects that on September 21, 2022, Mr. Russell's motion filed pursuant to the Post-Conviction Relief Act seeking vacatur of the Order revoking his parole was granted. (*See id.*)

3

The Court previously granted Mr. Russell leave to proceed *in forma pauperis*, and his SAC is therefore subject to screening pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). That provision of the Prison Litigation Reform Act requires the Court to dismiss the SAC if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher*, 184 F.3d at 240, which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Mr. Russell is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

### III.   DISCUSSION

#### A.   Claims Pursuant to 42 U.S.C. § 1983

Mr. Russell asserts constitutional claims based on alleged violation of his civil rights. The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "A defendant in a civil rights action must have personal involvement in the alleged wrongs" to

4

be liable. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) ("Personal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence.'" (quoting *Rode*, 845 F.2d at 1207)). *See Iqbal*, 556 U.S. at 676 (explaining that "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution").

### 1. Claim for Declaratory Relief

In his prayer for relief, Mr. Russell requests a declaration that Bender and Driscole violated his rights by providing ineffective assistance of counsel, which resulted in Mr. Russell's wrongful imprisonment. (SAC at 7.) This request for relief is improper and will be denied. Declaratory relief is unavailable to adjudicate past conduct. *See Corliss v. O'Brien*, 200 F. App'x 80, 84 (3d Cir. 2006) (*per curiam*) ("Declaratory judgment is inappropriate solely to adjudicate past conduct" and is also not "meant simply to proclaim that one party is liable to another."); *see also Andela v. Admin. Office of U.S. Courts*, 569 F. App'x 80, 83 (3d Cir. 2014) (*per curiam*) ("Declaratory judgments are meant to define the legal rights and obligations of the parties in the anticipation of some future conduct."). A declaratory judgment is also not "meant simply to proclaim that one party is liable to another." *Corliss*, 200 F. App'x at 84 (*per curiam*); *see also Taggart v. Saltz*, 2021 WL 1191628, at *2 (3d Cir. Mar. 30, 2021) (*per curiam*) ("A declaratory judgment is available to define the legal rights of the parties, not to adjudicate past conduct where there is no threat of continuing harm.").

### 2. Constitutional Claims Against Bender and Driscole

Mr. Russell reasserts constitutional claims under § 1983 against Public Defenders Bender and Driscole based upon their representation of him in parole revocation hearings that have already been dismissed with prejudice. As previously explained, "a public defender does not act

under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Russell*, 2023 WL 6465391, at * 6-7 (citing *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981). "Attorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court." *Id*. (quoting *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999). *See also Clark v. Punshon*, 516 F. App'x 97, 99 (3d Cir. 2013) (*per curiam*) (noting that a court-appointed attorney is not a state actor for purposes of § 1983); *Webb v. Chapman*, 852 F. App'x 659, 660 (3d Cir. 2021) (*per curiam*) ("[A]ttorneys representing individuals in criminal proceedings generally are not state actors for purposes of § 1983."); *Singh v. Freehold Police Dep't*, 2022 WL 1470528, at *2 (D.N.J. May 10, 2022) ("Plaintiff['s] dissatisfaction with the representation provided by Mr. Moschella does not provide a basis for a civil rights claim against him."). "[B]efore private persons can be considered state actors for purposes of section 1983, the state must significantly contribute to the constitutional deprivation." *Angelico*, 184 F.3d at 278 (quoting *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1266 (3d Cir. 1994)).

Because Bender and Driscole are not state actors, Mr. Russell's constitutional claims against them are again be dismissed with prejudice.

### 3.  Official Capacity Claims

Mr. Russell has named Bender and Driscole in both their individual and official capacities. However, Mr. Russell's official capacity claims against Bender and Driscole are not cognizable. "Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (quoting *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 690, n. 55 (1978)). A § 1983 claim against their employer, the Northampton Public Defenders, is not plausible because Pennsylvania county public defender offices are not state actors for purposes of § 1983.

*See Nottingham v. Lycoming Cty. Pub. Defs.*, 2023 WL 1822388, at *1, n.1 (M.D. Pa. Feb. 8, 2023); *Crawford v. Pub. Defs. Off.*, 2017 WL 1534183, at *3 (W.D. Pa. Apr. 6, 2017), *report and recommendation adopted*, 2017 WL 1536022 (W.D. Pa. Apr. 27, 2017) (stating "the Public Defenders Office is not a 'person' as defined under § 1983 and thus, cannot be sued under that statute"). Mr. Russell's official capacity claims are dismissed with prejudice.

C.   **State Law Malpractice Claims**

Upon initial screening, the Court dismissed all of Mr. Russell's federal constitutional claims with prejudice and chose not to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) over any of Mr. Russell's state law claims. *Russell*, 2023 WL 6465391, at *9. Because the Amended Complaint did not include allegations that permitted the Court to exercise diversity jurisdiction under 28 U.S.C. § 1332(a), the Court dismissed Mr. Russell's state law claims without prejudice to his pursuing the claims in an appropriate state court. The Court also granted Mr. Russell leave to file a second amended complaint if he could allege complete diversity of citizenship. *Id*. at *10 n.8.

1.   **Diversity Jurisdiction**

In the letter accompanying his SAC, Mr. Russel alleges that Defendants Bender and Driscole "are employed as well as domiciled in the Commonwealth of Pennsylvania." (SAC at 1.) Mr. Russell also alleges that he is domiciled in New Jersey and references a "Rescheduling Notice" issued by Northampton County addressed to Mr. Russell at an address in Phillipsburg, New Jersey. (*Id*. at 2.) Mr. Russell is currently incarcerated in New Jersey, but the Court understands him to be alleging that prior to his incarceration, he was domiciled in New Jersey. *See Pierro v. Kugel*, 386 F. App'x 308, 309 (3d Cir. 2010) ("[T]he domicile of a prisoner before his imprisonment presumptively remains his domicile during his imprisonment.") In his SAC, Mr. Russell seeks recovery of $500,000 in money damages. (*Id*. at 8.) Mr. Russell has plausibly

7

alleged the existence of diversity jurisdiction under 28 U.S.C. § 1332(a). *See Gibbs v. Buck*, 307 U.S. 66, 72 (1939); *Quaker State Dyeing & Finishing Co., Inc. v. ITT Terryphone Corp.*, 461 F.2d 1140, 1143 (3d Cir. 1972) (stating that, in diversity cases, the plaintiff must demonstrate complete diversity between the parties and that the amount in controversy requirement has been met); *Jackson v. Rosen*, 2020 WL 3498131, at *8 (E.D. Pa. June 26, 2020).

### 2. Legal Malpractice Claims

Under Pennsylvania law, "to state a cognizable claim of legal malpractice a plaintiff must plead the following three elements: 'employment of the attorney or other basis for a duty; the failure of the attorney to exercise ordinary skill and knowledge; and that the attorney's negligence was the proximate result of damage to the plaintiff.'" *Cohen v. Gold-Bikin*, 2018 WL 770871, at *3 (Pa Super. Ct. Feb. 7, 2018) (quoting *412 N. Front St. Assocs, LP v. Spector Gadon & Rosen*, P.C., 151 A.23d 646, 657 (Pa. Super. Ct. 2016). Additionally, "[u]nder Pennsylvania law, a defendant convicted of an offense cannot sue his attorney for negligence unless he is first granted post-trial relief on the ground that counsel was ineffective." *Hurdle v. Pennsylvania*, 2021 WL 5447141, at *3 (E.D. Pa. Nov. 22, 2021) (citing *Bailey v. Tucker*, 621 A.2d 108, 115 (Pa. 1993)).

As noted, Mr. Russell received post-conviction relief from his conviction for parole violations. However, Mr. Russell's legal malpractice claims are conclusory, largely undeveloped, and therefore not plausible. He alleges only that Bender and Driscole provided ineffective representation at the April 2021 and April 2022 hearings, and that as a result he was found guilty of violating his parole and was incarcerated. (SAC at 7.) He does not allege how they were ineffective or describe steps that they failed to take to secure a favorable outcome during the hearings. As such, he has not "nudged" his claims from the merely possible to the plausible. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ("Because the plaintiffs

8

here have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed.")  Additionally, though the publicly available docket reflects that Mr. Russell was granted post-trial relief in the form of vacatur of the orders revoking his parole, the docket does not reflect why the orders were vacated, and Mr. Russell does not allege that he was granted relief on the ground that his counsel was ineffective.  In light of these deficiencies, Mr. Russell's SAC does not include sufficient facts to state plausible legal malpractice claims against Bender and Driscole and the SAC must be dismissed.  Because the Court cannot state that Mr. Russell will never be able to state a plausible legal malpractice claim, he will be granted leave to file a third amended complaint.

### IV.     CONCLUSION

For the reasons stated, Mr. Russell's SAC will be dismissed without prejudice for failure to state a claim.  Mr. Russell will be granted leave to file a third amended complaint.