**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOHN J. RUSSELL,** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **NO.  23-2420** |
| | : | |
| **COMMONWEALTH STATE** | : | |
| **OF PENNSYLVANIA,** *et al.*, | : | |
| **Defendants.** | : | |

## ORDER

**AND NOW**, this 10th day of January 2024, upon consideration of Plaintiff John J.
Russell's Second Amended Complaint (DI 14), and for reasons in the accompanying
Memorandum, it is **ORDERED**:

1.      The Clerk of Court is **DIRECTED** to amend the docket to reflect that Mr.
Russell's October 26, 2023 submission at DI 14 is a "Second Amended Complaint."

2.      For the reasons stated in the Court's Memorandum, Mr. Russell's constitutional
claims, his official capacity claims, and his request for declaratory relief are **DISMISSED
WITH PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  His
state law malpractice claims against Paul Bender and Rory Driscole are **DISMISSED
WITHOUT PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

3.      Mr. Russell may file a third amended complaint, no later than **February 9, 2024**,
to reassert his state law claims against Defendants Paul Bender and Rory Driscole.  Any third
amended complaint must identify all defendants in the caption of the third amended complaint in
addition to identifying them in the body of the third amended complaint and shall state the basis
for Mr. Russell's claims against each defendant.  The third amended complaint shall be a

complete document that does not rely on the initial Complaint, Amended Complaint, or Second Amended Complaint or other papers filed in this case to state a claim.  **Mr. Russell may not reassert any claim that has already been dismissed with prejudice.**  When drafting his third amended complaint, Mr. Russell should be mindful of the Court's reasons for dismissing the claims in his Second Amended Complaint as explained in the Court's Memorandum.  Upon the filing of a third amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

4.      The Clerk of Court is **DIRECTED** to send Mr. Russell a blank copy of this Court's current standard form to be used by a self-represented litigant filing a civil action bearing the above-captioned civil action number.  Mr. Russell may use this form to file his third amended complaint if he chooses to do so.

5.      If Mr. Russell does not wish to amend his Second Amended Complaint and instead intends to stand on his Second Amended Complaint as originally pled, he may file a notice with the Court, no later than **February 9, 2024**, stating that intent, at which time the Court will issue a final order dismissing the case.  Any such notice should be titled "Notice to Stand on Second Amended Complaint," and shall include the civil action number for this case.  *See Weber v. McGrogan*, 939 F.3d 232 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703–04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to

replead those claims" when the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

6.      If Mr. Russell fails to file any response to this Order, the Court will conclude that Mr. Russell intends to stand on his Second Amended Complaint and will issue a final order dismissing this case.[1]  *See Weber*, 939 F.3d at 239-40 (explaining that a plaintiff's intent to stand on his complaint may be inferred from inaction after issuance of an order directing him to take action to cure a defective complaint).

MURPHY, J.

---

[1] The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on her complaint.  *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (*per curiam*).  Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend her complaint, leaving the case without an operative pleading.  *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (*per curiam*) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accts. Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citing cases)).